Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
CIARDI CIARDI & ASTIN
One Commerce Square, Suite 1930
2005 Market Street
Philadelphia, PA 19103
(215) 557-3550
Proposed Attorneys for the Debtors
aciardi@ciardilaw.com
jcranston@ciardilaw.com

UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| FRAZER/EXTON DEVELOPMENT, LP | : |
| | : |
| | : BANKRUPTCY NO. 11-14041 |
| DEBTOR | : |
| | : |
| IN RE: | : |
| | : CHAPTER 11 |
| WHITELAND VILLAGE, LTD. | : |
| | : |
| | : BANKRUPTCY NO. 11-14036 |
| DEBTOR | : |
| | : |

**MOTION OF THE DEBTORS AND DEBTORS-IN-POSSESSION FOR ORDER PURSUANT TO 11 U.S.C. § 364(b) and § 364(c)(3) APPROVING THE POST-PETITION LOAN FROM ROSKAMP MANAGEMENT COMPANY TO THE DEBTOR**

Frazer Exton Development, L.P. and Whiteland Village, Ltd. (hereinafter collectively referred to as the "Debtor"), by and through its proposed undersigned counsel, Ciardi Ciardi & Astin, hereby request approval of a post-petition loan from Roskamp Management Company ("RMC") to the Debtor (the "Motion"), and in support thereof avers as follows:

**BACKGROUND**

1. On May 19, 2011 (the "Petition Date"), Frazer Exton Development, L.P. (the "FED Debtor") and Whiteland Village, Ltd. (The "WV Debtor") filed voluntary petitions

pursuant to Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").

2. The Debtor is continuing in possession of its property and is operating and managing its business as a Debtor-in-Possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The FED Debtor is the owner of all that tract or parcel of land, including any Buildings and other improvements located thereon, consisting of approximately 100 acres, more or less, located at 15 South Bacton Hill Road, Malvern, East and West Whiteland Townships, Chester County, Pennsylvania (the "Property").

5. The Debtor has no operating source of cash flow other than the loans from RMC and its members. The loans needed, the source of funding and uses are attached as Exhibits "A" and "B". The uses of the funds are important to the continued development and sale of the project and cover all expenses through December 31, 2011.

6. Prior to the filing date, it was the Debtor's intention to develop the Property as a retirement community and the Debtors thus commenced marketing efforts for the pre-sale of units.

7. The Debtors' Property is more fully described on the site Plan attached hereto as (Exhibit "C".)

8. The Property was designated a Superfund site by the EPA as a result of activities occurring on the Property prior to the Debtors' ownership.

9. The FED Debtor, with the supervision of the EPA, undertook and completed the remediation of the site.

10. Through the Debtors' efforts, the Debtors secured an Agreement of Sale (the "Agreement") for the sale of a portion of the Property (the "Project") to the Buyer for $7,300,000 in cash and the assumption of up to $5,000,000 of debt (the "Initial Purchase Price"). In addition, there is further consideration based upon the sale of additional units by the Buyer (the "Additional Purchase Price"). The Initial Purchase Price and the Additional Purchase Price is hereinafter referred to as the "Consideration." A true and correct copy of the Agreement is attached hereto and incorporated herein as (Exhibit "D".)

11. The Agreement calls for the sale of a portion of the Premises to Makemie at Whiteland, a Pennsylvania nonprofit corporation and an Affiliate of Philadelphia Presbytery Homes, Inc. ("Makemie" or "Buyer") for the Consideration (as defined in the Agreement).

12. The Debtors intend to file a Plan which incorporates the Sale, the development of the remaining premises and ultimate payment to creditors. This will permit the development of Makemie in the most expeditious fashion.

13. The sale of the Property requires approval of the recordation of subdivision and land condominium plans in order to effectuate the transfer of the thirty (30) acres to Buyer.

## RELIEF REQUESTED

14. The Debtors are seeking court permission to permit RMC to provide a post-petition loan in an amount up to $1,589,594,00 in Whiteland and $309,104.00 Frazer Exton Development, L.P. for the purpose of funding the operating cash flow deficiency of the Debtors.

15. Section 364(b) provides: [t]he court, offer notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of

this section allowable under section 503(b)(1) of this title as an administrative expense.

16. Section 364(c)(3) provides, in pertinent part, as follows:

(c) [i]f the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court after notice and a hearing, may authorize the obtaining of credit or the incurring of debt—

(3) secured by a junior lien on property of the estate that is subject to a lien.

11 U.S.C. § 364(c)(3).

17. The post-petition loan shall be junior to the Bank's Lien.

18. The loan shall not bear interest.

19. In accordance with Section 364(c), the Debtors represent that they are unable to obtain credit for their operations on an (a) unsecured basis; or (b) on any basis more favorable to the Debtors than proposed in this Motion and that after diligent efforts the Debtors are unable to obtain credit from any other source.

20. The Debtors believe that the request to obtain post petition credit is proper, reasonable and necessary to continue the Debtors' operations.

21. Approval of the Debtors' request to obtain post petition credit from RMC is in the best interest of the Debtors and creditors of the estate.

22. The terms and provisions of the financing arrangement described herein and the provisions of the proposed order are fair and reasonable, and were negotiated by the parties in good faith and at arms' length. Consequently, the Debtor requests that the Court find that any loans or advances made by RMC are made in good faith for the purposes of §364(e) of the Bankruptcy Code.

## CONCLUSION

23. The Debtor seeks the entry of an order approving the loan.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order in the form attached hereto and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

CIARDI CIARDI & ASTIN

Date: June 13, 2011            By: _____
Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
One Commerce Square, Ste. 1930
Philadelphia, PA 19103
(215) 557 3551 (facsimile)

Counsel to the Debtors